UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TONYA HILL,

                Plaintiff,

- against -

DLJ MORTGAGE CAPITAL, INC., SELENE
FINANCE, LP; DONAN, GRAVES and
LONGORIA, LLC,

                Defendants.
-----------------------------------------------------------X

MEMORANDUM AND ORDER
15-cv-3083 (ENV) (RER)

VITALIANO, D.J.

On May 27, 2015, plaintiff Tonya Hill, pro se, commenced this action against defendants DLJ Mortgage Capital, Inc. and Donan, Graves and Longoria, LLC.[1] Plaintiff subsequently retained counsel and, on July 23, 2015, was granted 30 days to amend her complaint. The amended complaint followed on August 24, 2015, joining Selene Finance, LP as a defendant. Defendants have since filed motions to dismiss the complaint under Rule 12(b)(6).[2]

## Discussion

It is clear that this case should have been assigned to the courthouse in Central Islip. Local Rule 50.1(d)(2)(b)(i) states that a civil case shall be designated a "Long Island case" if "a substantial part of the events or omissions giving rise to the claim or claims occurred in Nassau or Suffolk County[.]" Here, plaintiff resides in Nassau County, and there is no question that the events at issue all occurred there. See Complaint, Dkt. No. 1, at 1-5; Amended Complaint, Dkt. No. 14, at 1-9. Indeed, it is apparent that this case was only assigned to this courthouse because,

---

[1] On the same day, plaintiff paid the requisite filing fee.

[2] Although no defendant resides in this district, none has moved to dismiss on the grounds of lack of personal jurisdiction or improper venue.

on the civil cover sheet to the original complaint, plaintiff, then acting pro se, incorrectly answered "no" to the question "Did the events giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?" See Civil Cover Sheet, Dkt. No. 1-1, at 3. The case should, therefore, be transferred to Long Island.

## Conclusion

For the foregoing reasons, the Clerk of Court is directed to take all steps necessary to transfer the docket in this case to the Central Islip courthouse and effect its reassignment by random selection.

So Ordered.

Dated: Brooklyn, New York
May 17, 2016

/s/ USDJ ERIC N. VITALIANO
_____
ERIC N. VITALIANO
United States District Judge